UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TCR HOLDINGS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>NYE COUNTY, NEVADA,<br><br>       Defendant. | 2:09-CV-433 JCM (GWF) |

**ORDER**

Presently before the court is defendant Nye County's motion for reconsideration (Doc. #85) of the court's order granting plaintiffs TCR Holdings, LLC and Bruce Kahn's motion for judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54 (Doc. #81, 83). Plaintiffs responded (Doc.#87), to which defendant replied (Doc. #88).

On March 22, 2010, the court granted plaintiffs' motion for partial summary judgment (Doc. #80). The court found that Nye County Code § 9.20.090.A is unconstitutional on its face in violation of the dormant Commerce Clause of the United States Constitution because the statute required applicants to be a bona fide resident of the Nevada for at least six months. The court also issued an injunction preventing enforcement of that particular provision of the code. Thereafter, plaintiffs TCR Holdings, LLC and Bruce Kahn filed a motion for final judgement pursuant to Rule 54(b) and a proposed order (Doc. #81, 82). Defendant requests this court to reconsider the order entering final judgment as to the dormant Commerce Clause claim (Doc. #83).[1]

---

[1] Defendant's motion for reconsideration fails to cite to authority in support of bringing such a motion. As a result, the court assumed defendant filed this motion pursuant to Rule 59(e), which

**James C. Mahan**
**U.S. District Judge**

1    Rule 54(b) allows the court to "direct entry of a final judgment as to one or more but fewer
2 than all the claims..." Fed. R. of Civ. Proc. 54(b). The court has the discretion to "determine the
3 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-*
4 *Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). In making such a determination, the court
5 takes into consideration the judicial administrative interests as well as the equities involved. *Id*.

6    At the hearing on March 9, 2010, the court granted plaintiffs' motion for partial summary
7 judgment as to the dormant Commerce Clause claim and granted an injunction preventing
8 enforcement of the bona fide resident provision in Nye County Code § 9.20.090.A. However, the
9 court did not grant final judgment at this hearing and made no finding of "no just cause for delay."

10    The plaintiffs inappropriately included that finding in the proposed order that they submitted
11 to the court. The court hereby disavows that finding. Furthermore, a motion for final judgment was
12 inappropriate altogether, because the court's order granting an injunction was already appealable
13 pursuant to 28 U.S.C. § 1292(a)(1).

14    28 U.S.C. § 1292(a)(1) provides that the courts of appeals have jurisdiction of appeals from
15 interlocutory orders of the district court granting injunctions. Therefore, it was unnecessary for
16 plaintiffs to file a motion for final judgment pursuant to Rule 54(b). Accordingly, this motion for
17 reconsideration is granted.

18    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Nye County's
19 motion for reconsideration (Doc. #85) be, and the same hereby is, GRANTED.

20 . . .
21 . . .
22 . . .
23 . . .
24 . . .

---

26 permits the court to alter or amend a judgment if: (1) the court is presented with newly discovered
27 evidence; (2) "the court committed a clear error or made an initial decision that was manifestly unjust"; or (3) "there is an intervening change in controlling law." *Zimmerman v. City of Oakland*,
28 255 F.3d 734, 740 (9th Cir. 2001).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that plaintiffs Kenneth Green, Debbie Rivenburgh, Western
2  Best, Inc., and Western Best, Ltd.'s motion for final judgment (Doc. #84) is DENIED.
3    DATED this 12th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**